IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LENNY LYLE CAIN, # F06546 :

    Petitioner :

       v. : Civil Action No. RDB-12-3383
                                              Criminal Action No. RDB-06-551

UNITED STATES OF AMERICA :

    Respondent :
                            oo0oo

**MEMORANDUM OPINION**

Lenny Lyle Cain ("Cain") filed this Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on November 10, 2012,[1] more than two years after the limitations period set forth at 28 U.S.C. § 2255 (f) elapsed.[2] Cain was granted additional time to address why principles of equitable tolling apply or the Motion is otherwise timely. (ECF No. 249). After careful review of Cain's response (ECF No. 250), the Motion will be denied and dismissed as time-barred.

**DISCUSSION**

On February 19, 2010, this Court sentenced Cain to a total of thirty-three months incarceration to be followed by thirty-one months of supervised release after a jury convicted him of fraud in connection with identification documents and related offenses. Cain did not note an appeal. Given these facts, Cain's judgment became final when the time expired for him to file an appeal. *See* Fed. R.App. P. 4(b)(1)(A)(i) (2009) (permitting an appeal to be filed within 14

---

[1] The Motion is deemed filed on November 10, 2012, the date it was signed and delivered to prison personnel for mailing. *See* Rule 3, R. Gov. Section 2255 Proceedings (discussing prison mailbox rule for § 2255 motions).

[2] Although the limitations period is an affirmative defense, a court may sua sponte dismiss a § 2255 motion as untimely. *See Hill v. Braxton*, 277 F. 3d 701, 705 (4th Cir. 2002); *see also Sosa*, 364 F.3d 507, 510 n. 4 (4th Cir. 2004) (applying the holding in *Hill v Braxton* to motions under § 2255). *Sua sponte* consideration of the limitations period is consistent with Rule 4(b) of R. Gov. Section 2255 Proceedings, which provides that a court shall dismiss a motion if it plainly appears that the moving party is entitled to no relief, even in the absence of a responsive pleading from the government.

days of judgment); *United States v. Clay*, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted).

The one-year limitation period is subject to equitable tolling. *See Holland v. Florida*, _ U.S. _, 130 S. Ct. 2549, 2560 (2010); *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A petitioner is entitled to equitable tolling if he demonstrates: 1) that he has been pursuing his rights diligently, and 2) an extraordinary circumstance stood in his way and prevented timely filing. *See id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) To satisfy the second prong of this analysis, a petitioner must present "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Additionally, a petitioner has the burden to show entitlement to equitable tolling. *See Holland*, 130 S.Ct. at 2562.

In support of equitable tolling Cain states the the "DEA took all my transcripts along with a lot of other papers I had at home and I just came to be able to go over them." (ECF No. 250). He also states that he did not expect to be back in federal court again and have this case "used against me." *Id*. Cain's response, however, fails to make the factual showings necessary to apply equitable tolling. Waiting more than two years after judgment to file a § 2255 motion does not support a finding of due diligence, and Cain offers no evidence that any extraordinary circumstance outside his own control prevented him from bringing this claim in a timely manner. Cain does not state why he was unable to file his claim without the documents allegedly held by the DEA. Further, he does not particularize the documents, state the length of time the documents were inaccessible to him, or indicate whether he tried to obtain the documents from the DEA or an alternative source. Under these circumstances, Cain presents no grounds for equitable tolling.

# CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the "Rules Governing Section 2255 Cases," this Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

# CONCLUSION

For these reasons, this Court finds the Motion to Vacate, Set Aside or Correct (ECF No. 248) time-barred and declines to issue a Certificate of Appealability.  A separate Order follows.

February 28, 2013              _____/s/_____
Date                           RICHARD D. BENNETT
                               UNITED STATES DISTRICT JUDGE